E. A. ROSENHAM CO. v. COHEN & MACK.

1. AFFIDAVIT FOR ATTACHMENT AGAINST CORPORATION AS NONRESIDENT OF COUNTY NOT DEFECTIVE THOUGH A FOREIGN CORPORATION.

An affidavit averring that defendant corporation is nonresident of the county, prescribed by Gen. Code 10253 as a ground for attachment, is not defective in omitting to aver defendant's failure to comply with the requirements of Gen. Code 183 as to the filing by foreign corporations of certain statements with the secretary of state.

Hamilton County.

2. SEPARATE RETURNS ON ATTACHMENT AND SUMMONS READING TOGETHER CONSTITUTE LAWFUL SERVICE OF SUMMONS.

Separate returns on an order of attachment and summons, issued together under Gen. Code 10262 and so returned by the constable, may be read and construed together as showing a lawful service of summons within the meaning of Gen. Code 10244.

3. SERVICE MAY BE HAD ON SECRETARY OF NONRESIDENT CORPORATION AS "MANAGING AGENT" IF NO OTHER CHIEF OFFICER BE FOUND IN COUNTY.

Service in attachment against a nonresident corporation, to whom debts are owing in the county as prescribed by Gen. Code 11276, may be had on a secretary or agent thereof under Gen. Code 10238 if no other chief officer can be found in such county. [Syllabus approved by the court.]

ERROR to common pleas court.

*Burch & Johnson* for plaintiff in error.

*Cohen & Mack,* for defendants in error.

## GIFFEN, P. J.

The ground stated in the affidavit for attachment was the statutory ground, Gen. Code 10253 (R. S. 6489), that the defendant corporation was a nonresident of the county of Hamilton, Ohio, and not that it was a foreign corporation. A corporation may have a place of business in one county and thereby become a resident of such county but a nonresident of the other counties within the meaning of Gen. Code 10253 (R. S. 6489). The affidavit was not therefore defective because it contained no statement that the defendant corporation had not complied with Gen. Code 183 (R. S. 148c, 148d). *Champion Mach. Co.* v. *Huston,* 24 Ohio St. 503.

A careful reading of the affidavit shows but one statement made on belief, to wit, "that he believes said plaintiff ought to recover thereon the amount of three hundred dollars," which is substantially the language of the statute. The action of the justice in striking from the files the motion to discharge the attachment was irregular, but equivalent to overruling the same. There was no error in directing the constable to amend his return to summons and order of attachment to conform to the facts, especially as the rights of no third party had intervened.

The alleged error chiefly relied upon consists in overruling the motion to quash and set aside the service of summons.

Rosenham Co. v. Cohen & Mack.

The amended return on summons is as follows:

"Received this writ June 8, 1908, and June 8, 1908, served the same on defendant by leaving a certified copy thereof, and of the endorsements thereon, with Morris L. Bettman, personally, as managing agent and secretary of E. A. Rosenham Company, a corporation under the laws of New York, defendant."

The return on the order of attachment which was issued at the same time as the summons is as follows, and is endorsed on the same sheet of paper with the return of summons:

"Same day served Morris L. Bettman personally, as secretary and managing agent of E. A. Rosenham Company, no chief officer of defendant corporation being found in Hamilton county, Ohio."

To make service of summons good under Gen. Code 10244 (R. S. 6480), it should affirmatively appear in the return that the managing agent is such agent in this state, and under Gen. Code 10238 (R. S. 6477), it should affirmatively appear that no chief officer could be found in the county before service could be had on a secretary or managing agent of the corporation.

There were debts owing to the defendant corporation in this county, hence the action was rightly brought under Gen. Code 11276 (R. S. 5027), and service could be had on the secretary and managing agent if no chief officer be found in the county. While the return on the order of attachment shows that no chief officer of the defendant corporation could be found, the return on the summons does not, but where the order of attachment is made to accompany the summons, we think the presumption is that the same reason which required the order of attachment to be served on the secretary and managing agent existed and operated in the service of summons.

Gen. Code 10262 (R. S. 6496), provides as follows:

"If the order of attachment is made to accompany the summons, a copy of it and the summons shall be served upon the defendant in the manner for the service of a summons, if this can be done within the county."

In pursuance of this provision the order of attachment and summons were issued together and returned in the same way

Hamilton County.

by the constable, who evidently intended to make the same return on each; but failing to do so we think the two returns should be read and construed together as showing a lawful service of summons.

The judgment will be affirmed.

**Smith** and **Swing, JJ.,** concur.